IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE

**Angel Amaniyah Love**, Plaintiff,

v.

**Synchrony Bank (SYNCB/PPC)**, Defendant.

**RECEIVED**

FEB 24 2025

Wendy R Oliver, Clerk
U.S. District Court
W.D. OF TN, Memphis

## COMPLAINT

Plaintiff Angel Amaniyah Love ("Plaintiff"), proceeding pro se, brings this action against Synchrony Bank ("Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., and alleges as follows:

## PARTIES

1. Plaintiff Angel Amaniyah Love is a resident of Memphis, Tennessee, residing at 709 Farris Rd, Memphis, TN 38109.
2. Defendant Synchrony Bank ("Defendant") is a financial institution with its principal place of business in Orlando, Florida, doing business under the name SYNCB/PPC and furnishing information to consumer reporting agencies (CRAs).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331 as it arises under the laws of the United States.
4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this district, and the events giving rise to this action occurred, in substantial part, in this district.

## FACTUAL ALLEGATIONS

5. Plaintiff's credit report includes a charge-off account reported by Defendant with the following details:
   - Account Name: SYNCB/PPC
   - Locator Number: 604419XXXXXXXXXX
   - Alleged Amount: $1,373

6. Plaintiff disputes the accuracy and completeness of the information furnished by Defendant and has exercised her rights under the FCRA to challenge this information with Defendant and CRAs.
7. On November 1, 2023, Plaintiff formally disputed the inaccurate information with Experian.
8. Despite Plaintiff's dispute, Defendant failed to conduct a reasonable investigation into the accuracy of the disputed information, in violation of 15 U.S.C. § 1681s-2(b).
9. Defendant's response to Plaintiff, dated August 26, 2024, and submitted through the Consumer Financial Protection Bureau (CFPB), refused to delete or correct the inaccurate information despite failing to substantiate the alleged debt with verifiable documentation.
10. Upon information and belief, Synchrony Bank securitizes its credit card receivables through the **Synchrony Card Issuance Trust (SYNIT)**. The Central Index Key (CIK) number for SYNIT is **0001724789**, and the principal office of SYNIT is located at **c/o Citibank, N.A., 388 Greenwich Street, New York, New York 10013**.
11. The debt associated with Plaintiff's account was transferred to SYNIT as part of the securitization process and became an asset of the trust. Defendant did not retain ownership of the debt and has not provided any evidence to demonstrate that the debt was reassigned to them.
12. Defendant's continued reporting of the debt on Plaintiff's consumer report is therefore inaccurate and misleading, as Defendant is no longer the owner or holder of the debt.
13. Plaintiff has suffered harm, including but not limited to damage to her creditworthiness, emotional distress, frustration, and financial loss as a direct result of Defendant's conduct.

## ALLEGATIONS

14. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of Plaintiff's dispute.
15. Defendant failed to review all relevant information provided by CRAs regarding Plaintiff's dispute.
16. Defendant continued to report inaccurate information to CRAs despite being notified of the dispute.
17. Defendant failed to provide verifiable documentation to substantiate the alleged debt upon dispute.
18. Defendant's response to Plaintiff through the CFPB was insufficient and failed to address the inaccuracies identified.
19. Defendant reported a charge-off without properly verifying the underlying debt.
20. Defendant transferred the debt to SYNIT, failed to retain ownership, and has no legal authority to continue reporting the debt.
21. Defendant's reporting caused negative impacts on Plaintiff's credit score and creditworthiness.
22. Defendant's actions caused Plaintiff emotional distress, including frustration and anxiety.
23. Defendant failed to update or correct inaccurate information after being notified of the dispute.

24. Defendant's failure to correct inaccurate information was willful or grossly negligent.
25. Defendant's reporting practices violated Plaintiff's rights under the FCRA.
26. Defendant failed to provide Plaintiff with a clear explanation of how the disputed information was verified.
27. Defendant failed to maintain reasonable procedures to ensure the accuracy of information reported to CRAs.
28. Defendant's conduct led to the publication of false information on Plaintiff's credit report.
29. Defendant's actions adversely affected Plaintiff's ability to obtain credit.
30. Defendant's reporting practices resulted in denial of credit or unfavorable credit terms for Plaintiff.
31. Defendant's failure to investigate and correct inaccuracies caused financial harm to Plaintiff.
32. Defendant's reporting practices constitute a pattern and practice of noncompliance with the FCRA.
33. Defendant's refusal to correct inaccuracies demonstrates a reckless disregard for Plaintiff's rights.
34. Defendant's failure to properly investigate the dispute violates industry standards for accuracy and verification.
35. Defendant's conduct caused Plaintiff to expend time and resources disputing inaccurate information.
36. Defendant acted in bad faith by refusing to provide sufficient documentation of the alleged debt.
37. Defendant's actions amount to willful noncompliance with the FCRA, entitling Plaintiff to statutory and punitive damages.

## CLAIMS FOR RELIEF

### COUNT I: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (§ 1681s-2(b))

38. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
39. Defendant, as a furnisher of credit information, is required under 15 U.S.C. § 1681s-2(b) to: a. Conduct a reasonable investigation upon receiving notice of a dispute; b. Review all relevant information provided by the CRA; c. Correct or delete any inaccurate, incomplete, or unverifiable information; and d. Refrain from furnishing inaccurate information to CRAs.
40. Defendant failed to conduct a reasonable investigation of Plaintiff's dispute, failed to review all relevant information, and willfully or negligently continued to furnish inaccurate information to CRAs.
41. Defendant's failure to comply with § 1681s-2(b) constitutes a violation of the FCRA.
42. As a result of Defendant's violations, Plaintiff has suffered harm as detailed above.

### COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT (§ 1681i)

43. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
44. Defendant's failure to provide verifiable evidence of the alleged charge-off, combined with its refusal to correct or delete the inaccurate information, further violates Plaintiff's rights under the FCRA.
45. Plaintiff has suffered harm as a result of Defendant's non-compliance with § 1681i.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Actual damages in an amount to be determined at trial;
2. Statutory damages of up to $1,000 per violation under the FCRA;
3. Punitive damages as permitted by law;
4. Costs of this action and reasonable attorneys' fees;
5. An order requiring Defendant to delete the inaccurate information from Plaintiff's credit reports; and
6. Any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Angel Amaniyah Love 709 Farris Rd Memphis, TN 38109

amaniyahnaziha@gmail.com